UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA CODERRE, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>ROBERT BURTON, et al.,<br><br>            Defendants. | No. 2:21-cv-00965-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Defendants Robert Burton ("Burton") and Shereef Aref's ("Aref") (collectively, "Defendants") Motion to Dismiss. (ECF No. 8.) Plaintiff Rita Coderre ("Plaintiff") opposed the motion. (ECF No. 10.) Defendants replied. (ECF No. 12.) For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED.

///
///
///
///
///
///
///

1

### I. Factual and Procedural Background

On May 31, 2020, an inmate named Aaron Coderre was found unresponsive in the showers at California Health Care Facility ("CHCF"). (ECF No. 1 at 6.) Another inmate, Joshua Rudiger ("Rudiger"), had stabbed Aaron Coderre in the neck, causing his death. (*Id.*) Rita Coderre is the decedent's biological mother and successor in interest. (*Id.* at 2.) On May 28, 2021, Plaintiff filed a Complaint against Burton (the acting warden of CHCF), Aref (the Healthcare Executive at CHCF), and unidentified correctional staff ("Does 1–10"). (*Id.* at 4.)

Plaintiff alleges the following claims: (1) 42 U.S.C. § 1983 ("§ 1983") claims against Does 1–10, Burton, and Aref for First, Eighth, and Fourteenth Amendment violations; (2) § 1983 claims for supervisory liability against Does 1–10, Burton, and Aref; (3) violation of the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act against Does 1–10, Burton, and Aref; (4) violation of California Government Code § 845.6 against Does 1–10; and (5) negligence/wrongful death against Does 1–10, Burton, and Aref. (ECF No. 1 at 19–34.)

### II. Standard of Law

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege

"'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, '[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendants argue all of Plaintiff's claims should be dismissed based on a lack of factual allegations. (ECF No. 8-1.) In opposition, Plaintiff argues she adequately alleges facts to support each claim. (ECF No. 10.)

The Court agrees with Defendants. The Complaint is devoid of factual allegations suggesting the only named Defendants — Burton and Aref — individually participated in the actions that give rise to any of Plaintiff's claims. The Complaint includes over 50 paragraphs of factual allegations that describe various actions taken by unidentified individuals at CHCF. (ECF No. 1 at ¶¶ 21–79.) Very few of these factual allegations are specific to Burton or Aref. Further, the factual allegations are later incorporated by reference within five causes of action which are unclear, conclusory, and asserted against all Defendants collectively. (*Id.* at ¶¶ 80–122.)

This lack of clarity permeates the entire Complaint and is a sufficient basis for dismissal under Rule 8. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming a district court's dismissal of an entire complaint that made "everyone did everything allegations" without leave to amend because "[t]he district court made clear . . . that plaintiffs must amend their 'shotgun pleading' to 'state[ ] clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" and plaintiffs failed to do so). If Plaintiff opts to file an amended complaint, she should identify which party did what specifically and which specific facts are allocated to the elements of each claim. *See Hughey*, 2014 WL 5473184, at \*4; *see also McHenry*, 84 F.3d at 1176 ("[P]laintiffs would be well advised to . . . focus on linking their factual allegations to actual legal claims.).

4

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss with leave to amend. (ECF No. 8.) Plaintiff shall file an amended complaint not later than thirty (30) days from the electronic filing date of this Order. Defendants shall file their responsive pleading not later than twenty-one (21) days thereafter. If Plaintiff does not file an amended complaint, the Court will dismiss this action and close the case.

IT IS SO ORDERED.

**DATED: September 26, 2022**

Troy L. Nunley
United States District Judge