UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA CODERRE, et al., | No. 2:21-cv-00965-TLN-DMC |
| Plaintiffs, | |
| v. | **ORDER** |
| ROBERT BURTON, et al., | |
| Defendants. | |

This matter is before the Court on Defendants Robert Burton ("Burton") and Shereef Aref's ("Aref") (collectively, "Defendants") Motion to Dismiss. (ECF No. 16.) Plaintiff Rita Coderre ("Plaintiff") filed an opposition. (ECF No. 18.) Defendants replied. (ECF No. 21.) For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

///
///
///
///
///
///
///

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On May 31, 2020, inmate Aaron Coderre was found unresponsive in the showers at California Health Care Facility ("CHCF") in Stockton, California. (ECF No. 14 at ¶ 22.) Joshua Rudiger ("Rudiger"), another inmate, had stabbed Aaron Coderre in the neck, killing him. (*Id*. at ¶ 25.) Plaintiff is Aaron Coderre's mother and successor in interest and sues on behalf of herself and her deceased son. (*Id*. at ¶¶ 5, 87.) On October 26, 2022, Plaintiff filed the operative First Amended Complaint ("FAC") against Burton (the acting warden of CHCF), Aref (the Healthcare Executive at CHCF), and unidentified correctional staff ("Does 1–20"). (*Id*. at 1.) Plaintiff alleges the following claims: (1) 42 U.S.C. § 1983 ("§ 1983") claims against Does 1–15 for First, Eighth, and Fourteenth Amendment violations; (2) § 1983 claims for supervisory liability against Burton, Aref, and Does 1–5; (3) violation of the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act against Burton, Aref, and Does 1–15; (4) violation of California Government Code § 845.6 against Does 1–10,16–20; and (5) negligence/wrongful death against Burton, Aref, and Does 1–20. (ECF No. 14 at 22–36.)

II.     **STANDARD OF LAW**

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every

2

reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted).  Defendants move to dismiss Claims Two, Three, and Five.  (ECF No. 16-1.)  The Court will address Defendants' arguments in turn.

### III. ANALYSIS

#### A. Claim Two

Defendants argue the Court should dismiss Claim Two because Plaintiff fails to allege a § 1983 supervisory liability claim.  (ECF No. 16-1 at 19–20.)  In opposition, Plaintiff maintains her allegations are sufficient to show supervisory liability based on failure to train, supervise, or control prison staff.  (ECF No. 18 at 6.)

"Plaintiffs may sue supervisors under 42 U.S.C. § 1983 'when culpable action, or inaction, is directly attributed to them.'" *Alexander v. Cal. Dep't of Corr. & Rehab.*, No. 2:11-CV-0640 TLN, 2014 WL 7336668, at *3 (E.D. Cal. Dec. 24, 2014) (quoting *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011)).  A defendant may be held liable "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).  The supervisor need not be "directly and personally involved" in the injury. *Larez v. City of L.A.*, 946 F.2d 630, 645 (9th Cir. 1991).  Rather, a supervisor can be liable through "his own culpable action or inaction in the training, supervision, or control of his subordinates" or "his acquiescence in the constitutional deprivations of which the complaint is made." *Id.* at 646 (internal citations, quotation marks, and alterations omitted).

First, Defendants argue the FAC "alleges in only the most general terms that, by virtue of their positions, Defendants Burton and Aref promulgated one or more broad and generic 'customs, policies, practices, and/or procedures' that in some unspecified manner presumably contributed to Decedent's death."  (ECF No. 16-1 at 20.)  Second, Defendants argue "although the FAC attempts to allege that Defendants Burton and Aref were aware of their subordinates'

4

alleged denial of protection from [Rudiger] after learning of the latter's alleged threats, the allegations are untethered to any meaningful or contextual factual assertions regarding when, how, or in what level of detail Burton or Aref learned of either Rudiger's alleged threats." (*Id.*)

    The Court disagrees on both counts.  The FAC contains numerous specific allegations against Burton and Aref.  For example, Plaintiff alleges Burton and Aref "directed, encouraged, allowed, and/or ratified" policies including: denying inmates access to care for medical and psychiatric needs; failing to properly classify, house, and/or monitor inmates suffering from mental disabilities; failing to consider alternatives to placing ill and disturbed inmates with other similarly afflicted inmates; and so on. (ECF No. 14 at ¶ 106.)  Plaintiff contends the supervisors involved and the policies in question, or lack thereof, resulted in a constitutional deprivation. (*Id.* at ¶ 108.)  As to Defendants' awareness of the threat, the FAC alleges that when Rudiger was transferred, CDCR and CHCF received a Probation Officer's report detailing Rudiger's long history of serious mental illness and deadly attacks. (*Id.* at ¶ 28.)  The FAC further alleges that given this report, Burton and Aref "knew or should have known . . . that Rudiger was highly dangerous and posed a substantial risk of death to other inmates and staff." (*Id.* at ¶ 31.)  Taken together, these allegations make it plausible that Burton and Aref knew or should have known that Rudiger posed a substantial risk to other inmates.

    Thus, the Court DENIES Defendants' motion to dismiss Claim Two.

### B.    Claim Three

    Defendants next argue the Court should dismiss Claim Three because Plaintiff fails to state a claim under the ADA or Rehabilitation Act. (ECF No. 16-1 at 21.)  In opposition, Plaintiff argues the FAC adequately alleges Coderre was a qualified individual under the ADA and Rehabilitation Act and that CHCF's alleged failure to supervise and train staff in treating disabled persons violated Coderre's right to equal treatment. (ECF No. 18 at 14–15.)

    "Title II of the ADA and Section 504 [of the Rehabilitation Act] 'both prohibit discrimination on the basis of disability.'" *Ledford v. Cal. by & through Cal. Dep't of Corr. & Rehab.*, No 215-CV-02381-TLN-EFB, 2018 WL 4352933, at *4 (E.D. Cal. Sept. 11, 2018)

(quoting *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002)). The legal standards for violating the ADA and Rehabilitation Act are the same. *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004). The Court thus analyzes ADA and Rehabilitation Act claims together. Under both laws, Plaintiff must establish that Coderre: (1) had a disability; (2) was qualified to participate in or receive the benefit of a public entity's services, programs, or activities; (3) was denied those services, programs, or activities or otherwise discriminated against by the public entity; and (4) that denial or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Defendants argue the FAC does not adequately allege the first, third, and fourth elements. On the first element, the Court disagrees with Defendants. In the FAC, Plaintiff alleges several institutions diagnosed Coderre with mental illness and mental disability that made him a slow learner and created behavioral issues. (ECF No. 14 at ¶ 53.) Taken as true, this allegation provides at the very least a reasonable inference that Coderre had a disability sufficient to satisfy the first element.

On the third and fourth elements, however, the Court agrees with Defendants. On the third element, Plaintiff does not specify to which services, programs, or activities Defendants denied Coderre access. (*See id*. at ¶ 121.) On the fourth element, Plaintiff failed to allege facts demonstrating Defendants denied Coderre access to programs or discriminated against him because of his disability. Instead, the FAC is devoid of factual allegations and merely alleges Coderre was "denied the benefits of services, programs, [and] activities" and that "this denial . . . was the result of his disability in that he was discriminated against because he was mentally ill." (ECF No. 14 at ¶ 121.) As to Aref and Burton specifically, the FAC alleges only that they "fail[ed] to create and maintain programs, services, and safeguards to protect the mentally disabled." (*Id.* at ¶ 120.) Plaintiff fails to persuade the Court that such allegations are sufficient to satisfy the third and fourth element of the claims against Aref and Burton. *See Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc) ("The ADA prohibits discrimination

6

because of disability, not inadequate treatment for disability.").

Therefore, the Court GRANTS Defendants' motion to dismiss Claim Three with leave to amend.

### C.   Claim Five

Defendants argue the Court should dismiss Claim Five because Plaintiff failed to state a claim for negligence/wrongful death and Defendants cannot be liable under a respondeat superior theory.  (ECF No. 16-1 at 17–19.)

To establish wrongful death resulting from negligence, Plaintiff must show the underlying tort, the resulting death, and the damages.  *Noble v. Wells Fargo Bank, N.A.*, No. 1:14-CV-01963-TLN, 2015 WL 5687675, at *6 (E.D. Cal. Sept. 25, 2015).  To establish the underlying tort of negligence, Plaintiff must show Defendants had a duty to use due care, they breached that duty, and the breach was the proximate or legal cause of the resulting injury.  *Green v. Cnty. of Sacramento*, No. 2:13-CV-00949-TLN-KJN, 2016 WL 374561, at *15 (E.D. Cal. Feb. 1, 2016) (citing *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 292 (1988)).

First, Defendants contend Plaintiff did not adequately plead Burton or Aref breached their duty of care to Coderre.  (ECF No. 16-1 at 25.)  Specifically, Defendants point out the FAC does not allege Burton or Aref escorted inmates, monitored inmate movements, made housing or classification decisions, knew about Coderre or Rudiger's mental conditions, or conducted the alleged interview with Coderre the day before his death.  (*Id.*)  Second, Defendants cite to California Government Code § 820.8 to argue Burton and Aref cannot be liable for an injury caused by the acts or omissions of others.  (*Id.* at 24.)

In arguing she has adequately alleged Claim Five, Plaintiff string cites various citations in the FAC without discussing how those allegations satisfy each element of the claim.  (ECF No. 18 at 16.)  Plaintiff also asserts she is raising a negligent supervision, training, hiring, and retention claim, which is not apparent in the FAC.  (*Id.*)  The Court agrees with Defendant that the factual and legal grounds for Plaintiff's negligence claim are unclear as it relates to Aref and Burton.  For example, it seems Aref and Burton are only named in Plaintiff's negligence claim for

7

their failure to train other correctional staff.  (*See* ECF No. 14 at 36–38.)  Accordingly, it is unclear whether such a claim is viable, especially since California Government Code § 820.8 provides that public employees are not liable for the acts or omissions of another person.  To the extent Plaintiff now argues she is alleging Aref and Burton are liable for their own negligent acts, Plaintiff should make that clear if she chooses to file an amended complaint.

Accordingly, the Court GRANTS Defendants' motion to dismiss Claim Five with leave to amend.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss (ECF No. 16) as follows:

1. The Court DENIES Defendants' motion to dismiss Claim Two;
2. The Court GRANTS Defendants' motion to dismiss Claim Three with leave to amend; and
3. The Court GRANTS Defendants' motion to dismiss Claim Five with leave to amend.

Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days from the electronic filing date of the amended complaint.  If Plaintiff opts not to amend the FAC, this case will proceed on Plaintiff's remaining claims and Defendants shall file an answer not later than twenty-one (21) days from Plaintiff's deadline for filing an amended complaint.

IT IS SO ORDERED.

Date:  August 4, 2023

_____
Troy L. Nunley
United States District Judge

8